UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LUCY REYNOLDS,

        Plaintiff,

  v.

NEW YORK LIFE INSURANCE COMPANY,

        Defendant.

C21-1424 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) The Second Motion for Default Judgment, docket no. 17, filed by Plaintiff Lucy Reynolds is DENIED without prejudice. Plaintiff has failed to demonstrate that Defendant New York Life Insurance Company is a proper defendant. Plaintiff has provided a press release indicating that Defendant acquired CIGNA's group life, accident, and disability insurance business, which was rebranded as New York Life Group Benefit Solutions ("NYLGBS"), but she has not provided the Court with any evidence that the Court should ignore the corporate form or that Defendant was acting as CIGNA's or NYLGBS's alter ego. Because Plaintiff did not allege in the amended complaint, docket no. 4, that Defendant acquired CIGNA (or a portion of CIGNA) or that Defendant assumed any of CIGNA's liabilities as part of the acquisition, those facts are not taken as true for purposes of default judgment. See TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917–18 (9th Cir. 1987) (noting that upon default, the factual allegations of the complaint are taken as true). Plaintiff must provide the Court with evidence that Defendant assumed the liabilities of CIGNA, including the policy at issue in this matter. Mere recitation in the briefing that Defendant assumed CIGNA's role as the claims administrator and is the proper defendant is insufficient. Furthermore,

MINUTE ORDER - 1

although Plaintiff states that Defendant issued a denial of benefits letter, the letter does not mention Defendant.  Ex. A to Fields Decl. (docket no. 18-1).

(2) Concerning the possibility of an award of future benefits, the policy appears to entitle Plaintiff to benefits until her 65th birthday.  See Ex. A to Fields Decl. at 4 (docket no. 10-1).  Should Plaintiff file a third motion for default judgment, she is DIRECTED to file evidence, in the record under seal, concerning her date of birth.

(3) In the first motion for default judgment, Plaintiff's counsel sought an attorney fee award with an hourly rate of $213.74.  See Mot. Default Jdgmt at 4 (docket no. 9).  In the second motion, however, Plaintiff's counsel seeks an hourly rate of $500.00 per hour.[1]  2nd Mot. Default Jdgmt at 17 (docket no. 17).  If Plaintiff files a third motion for default judgment, Plaintiff is DIRECTED to explain why the requested rate increased from the amount requested in the first motion.

(4) If Plaintiff files a third motion for default judgment and fails to establish that New York Life Insurance Company is a proper defendant, the Court will dismiss this case without prejudice.

(5) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 21st day of April, 2022.

Ravi Subramanian
Clerk

s/Gail Glass
Deputy Clerk

---

[1] In his declaration, Plaintiff's counsel seeks an even higher hourly rate of $600 per hour.  See 2nd Fields Decl. at ¶ 10 (docket no. 18).

MINUTE ORDER - 2