UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LUCY REYNOLDS,<br><br>               Plaintiff,<br><br>   v.<br><br>NEW YORK LIFE INSURANCE COMPANY,<br><br>               Defendant. | C21-1424 TSZ<br><br>MINUTE ORDER |

      The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

      (1)    Plaintiff's Motion for Leave to File a Second Amended Complaint, docket no. 20, in the form set forth in docket no. 20-2, is GRANTED in part. The proposed second amended complaint, docket no. 20-2, contains allegations that are inconsistent with the evidence in the record and with facts of which the Court takes judicial notice. The evidence in the record shows that Life Insurance Company of North America ("LINA") issued the policy at issue, see Ex. A to Fields Decl. (docket no. 10-1), and that Cigna Group Insurance issued an Explanation of Benefits, Ex. D to Fields Decl. (docket no. 10-3), and a subsequent letter upholding a prior decision to deny further benefits, Ex. A to Fields Decl. (docket no. 18-1). The latter correspondence indicated that LINA was an "operating subsidiary" of Cigna Corporation, but the Cigna name, logo, and marks are owned by Cigna Intellectual Property, Inc. Plaintiff attempts to add "LINA doing business as Cigna" as a defendant, but provides no evidence that LINA does business as Cigna, and Cigna's website indicates that LINA is not currently an affiliate of Cigna. See Disclaimer, https://www.cigna.com (last visited 06/27/2022). Plaintiff may join as defendants LINA and/or Cigna Group Insurance, which are separate entities, but may not pursue claims against "LINA doing business as Cigna" absent allegations asserted

MINUTE ORDER - 1

consistently with Federal Rule of Civil Procedure 11 that LINA is no longer capable of being sued or that LINA and Cigna have operated in a manner that would justify piercing the corporate veil.

In the proposed second amended complaint, plaintiff continues to name New York Life Insurance Company ("NYLIC") as a defendant, but nothing in the record suggests that NYLIC was or is in any way involved with the insurance policy at issue or the denial of benefits now sought by plaintiff. The press release cited by plaintiff in her Second Motion for Default Judgment, docket no. 17, announces that NYLIC acquired Cigna's group life, accident and disability insurance business, and not the entire entity known as Cigna Corporation (or its other various subsidiaries), and then rebranded the business as New York Life Group Benefit Solutions. *New York Life completes acquisition of Cigna's Group Life and Disability Insurance business*, (https://www.newyorklife.com/newsroom/2020/newyorklifefinalizes-cigna-group-life-and-disability-business-transaction) (last visited 06/27/2022). Any amended complaint against NYLIC must allege how NYLIC, as opposed to New York Life Group Benefit Solutions, is a proper defendant in this matter.

(2)  Within thirty (30) days of the date of this Minute Order, plaintiff shall file and properly serve a second amended complaint that is consistent with this Minute Order or show cause why the Court should not dismiss this case without prejudice for failure to name and serve an appropriate defendant. See Fed. R. Civ. P. 4(m) (requiring that a defendant be served within 90 days after the complaint is filed).

(3)  The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 28th day of June, 2022.

                                            Ravi Subramanian
                                            Clerk

                                            s/Gail Glass
                                            Deputy Clerk